In the Supreme Court of Georgia

Decided:    February 1, 2016

S16Y0317.  IN THE MATTER OF MICHAEL ANTHONY EDDINGS.

PER CURIAM.

This disciplinary proceeding is before the Court on the Amended Report and Recommendation of the Special Master, Katherine L. McArthur, recommending that the Court accept the petition for voluntary discipline filed by Michael Anthony Eddings (State Bar No. 238751), which was filed after the State Bar filed a formal complaint, Eddings failed to answer the complaint, an order of default was entered, and the default was opened by consent. Eddings asks the Court to impose a public reprimand for his admitted violation of Bar Rule 4.2 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). A violation of Rule 4.2 may be punished by disbarment.  The State Bar filed a response and recommends that the Court accept the petition and impose a public reprimand.

Eddings has been a member of the Bar since 2002.  He admits that he was held in contempt of court by the Superior Court of Muscogee County, Georgia,

for communicating with persons represented by legal counsel without the prior consent of said counsel, and he admits that his conduct violated Rule 4.2. In mitigation of discipline, Eddings asserts that he had no selfish or dishonest motive and engaged in the communications on the eve of trial when an answer for a plea recommendation deadline was imminent, and only after unsuccessful attempts to contact the counsel of the represented individuals. He also states that he has no prior discipline; that during this period he was under prolonged extreme stress from his efforts to clear his name in the wake of a still pending multi-year Bar disciplinary case also involving investigations by private corporations and the FBI;[1] that he cooperated fully with the disciplinary authorities; that he submitted several letters of reference in support of his petition; and that he has great remorse for his conduct and has apologized, both publicly and privately. In aggravation of discipline, the special master noted a pattern of misconduct, because the underlying motion for contempt includes as an exhibit another order of contempt in a different criminal case where Eddings talked to a co-defendant of his client without the prior knowledge and consent

---

[1] It appeared that Eddings's ex-wife admitted she had been "cooking the books" at his law firm without Eddings's knowledge.

of the co-defendant's counsel. But, the special master agreed with the State Bar that the interests of the public and the Bar would be adequately served by accepting Eddings's petition.

We have reviewed the record and agree that a public reprimand is the appropriate sanction in this matter, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that Eddings receive a public reprimand in open court pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c) for his admitted violation of Rule 4.2

Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.